BOSTWICK R. NOBLE AND JOHN P. NIGGERMAN v. SIMON P. MURPHY.

91 653
117 635

*Application of securities—Principal and surety.*

Plaintiffs held several notes indorsed by one Van Wagner, one of which was signed by the defendant as surety, of which fact plaintiffs had notice. Van Wagner's wife secured the payment of all of the notes by a mortgage upon her land, without any designation by herself or husband as to the application of the proceeds of the security. Before the maturity of the mortgage she deeded the land to the plaintiffs, who sold it, and applied the purchase money upon notes other than the one on which defendant was a surety, the amount of which notes was largely in excess of the sum realized on the sale of the land. Plaintiffs afterwards sued defendant upon the note signed by him as a surety, and a verdict was directed in defendant's favor. And in reversing the judgment entered on the verdict, it is held:

*a*—The plaintiffs, receiving the mortgage in the manner stated, without any designation from the debtor of a particular note upon which its proceeds should be applied, had the right to apply the same upon notes other than that upon which defendant was surety.

*b*—In any case, where the contract between the surety and the creditor provides for the retention of securities received either from the surety or the principal debtor, a departure from the terms of such contract will release the surety, whether shown to be to his detriment or not; but where the surety's right depends upon the doctrine of subrogation, and the security is not received under any contract to which the surety is a party, the release of a lien upon property by which it is rendered unavailable to the payment of the debt furnishes a defense to the surety only to the extent of the value of the lien thus lost.

*c*—As the plaintiffs had the right to apply the proceeds of the mortgage to the extinguishment of the debts represented by notes other than that signed by defendant as surety, amounting to more than the value of the security, the defendant could not have been damnified by the plaintiffs' appropriation of the mortgaged property.

Error to St. Clair. (Canfield, J.) Argued March 2, 1892. Decided May 20, 1892.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

· *William Gowan (Atkinson & Vance,* of counsel), for appellants. ·

*Avery Bros. & Walsh,* for defendant.

MONTGOMERY, J. This action was brought to recover the amount due on a promissory note, purporting to be signed by defendant, and payable to the order of one George Van Wagner. The note bore date June 11, 1885, was due seven months from date, and was given for $118, with interest.

The defendant denied the execution of the note under oath, and offered testimony tending to show that he had given a note for $18 to Van Wagner, and that this note was given for Van Wagner's accommodation, and that the plaintiffs had notice that the note which he had in fact given to Van Wagner was signed for his accommodation, and that the defendant was a surety. The· plaintiffs did not deny knowledge of the fact that the defendant was a surety of Van Wagner, but did offer testimony tending to show that the note in suit was not a forgery, but was executed by defendant. The plaintiffs also had other notes, signed by different parties, and indorsed by Van Wagner, in all amounting to $2,586.96.

On October 5, 1885, Mrs. Van Wagner, wife of George Van Wagner, executed a mortgage upon real estate belonging to her, to secure these notes, which mortgage was to become due one year from its date. Among the notes so secured was the one now in suit.

On November 12, 1885, Mrs. Van Wagner executed to plaintiff Noble a deed of the same property. The evidence as to the consideration for this deed is conflicting. Mrs. Van Wagner claims that the consideration was notes amounting to $900, which her husband had discounted with the plaintiffs, and also the note in suit, which she says they agreed to send her on the execution of the deed. The plaintiffs, on the other hand, claim that they agreed to give her $900 in notes, which she herself had discounted at the bank, and that they refused to give up the Murphy note. Plaintiffs subsequently sold the land, realizing thereon only about $300, which was the full value of the interest covered by the mortgage and conveyed to them by the deed.

The court directed a verdict for the defendant, and plaintiffs bring error.

It will be seen that the two questions—*First*, whether the note was the note of the defendant; and, *second*, whether by the arrangement with Mrs. Van Wagner the note was paid—were disputed questions of fact; and if, upon the finding of these facts as the testimony of the plaintiffs would have warranted, they would have been entitled to recover, the case should have been sent to the jury. The defendant claimed, however, that, according to the testimony of the plaintiffs, the defendant was discharged.

According to the plaintiffs' testimony, the mortgage was taken as collateral security for all the notes held by plaintiffs, including Murphy's. It is well settled that where a creditor receives moneys from his debtor he may apply the same upon any one of the debts which he may select. The theory of the plaintiffs is that the security was given to cover all the notes in their hands, and that they subsequently, with the consent of the parties giving the security, applied the amount realized upon the security to the payment of other notes than that now in suit.

This they would have the clear right to do, unless the surety acquired such a right in the security the moment it was given as precluded the plaintiffs from dealing with the same in the manner in which they did. *Blair v. Carpenter*, 75 Mich. 167; *Shelden v. Bennett*, 44 Id. 634; *Wood v. Callaghan*, 61 Id. 402. But it is equally clear that the plaintiffs, receiving the security in the manner in which they did, without any designation from the debtor of a particular note upon which the proceeds of the security should be applied, had the right to apply the entire proceeds upon notes other than that upon which the defendant was surety. *Gaston v. Barney*, 11 Ohio St. 506; *Hanson v. Manley*, 72 Iowa, 50 (33 N. W. Rep. 359); *Mathews v. Switzler*, 46 Mo. 301; *Bank v. Lewis*, 78 Wis. 475 (47 N. W. Rep. 834). The language of the court in *Gaston v. Barney* applies to the facts of this case:

" The surety was no party to this arrangement, and had no right to control its terms. His principals were dealing, not with his property, but their own. The claims received by the creditor became, in his hands, a collateral security for the payment of the notes generally; and the surety has no right to ask that the creditor shall not be allowed the full benefit of his own vigilance." *Wood v. Callaghan*, 61 Mich. 403.

But it is contended that by accepting a deed of these premises, and converting the property into money, the plaintiffs cut off the surety's right to subrogation. This right to subrogation is not one depending upon the contract, but upon equitable principles. In any case, where the *contract* between the surety and the creditor provides for the retention of securities received either from the surety or the principal debtor, undoubtedly a departure from the terms of such contract would release the surety, whether shown to be to his detriment or not; but where the surety's right, as in this case, depends upon

the doctrine of subrogation, and where the security is received not under any contract to which the surety is a party, the rule is well settled that the release of a lien upon property by which it is rendered unavailing to the payment of the debt furnishes a defense to the surety only to the extent of the value of the lien thus lost. Brandt, Sur. §§ 370, 373, 375, and cases cited ; Coleb. Coll. § 239. As in this case the plaintiffs had the right to apply the proceeds of the mortgage received by them to the extinguishment of the debts represented by notes other than that signed by defendant, amounting to many times the value of the security, it follows that the defendant could not have been damnified by the plaintiffs' appropriation of the mortgaged property.

The judgment should be reversed, and a new trial ordered.

The other Justices concurred.