## E. S. ROBINSON v. R. J. WADDELL & CO.

PROCEEDS OF MORTGAGE—*Distribution*—*Several Notes*—*Precedence in Payment.* In the absence of an agreement or countervailing equity, the proceeds of a mortgage given to secure several notes maturing at different times should be applied to the payment of the notes in the order of their maturity; but where the payee of the notes, who was the mortgagee, sells the notes to another, and indorses the two notes first maturing as an additional security, and to induce the assignee of the notes and mortgage to purchase them, it was proper for the court, in order to give effect to the purpose of the parties, to decree that the unindorsed notes should have precedence in payment out of the fund derived from the foreclosure and sale of the mortgaged property.

### *Error from Franklin District Court.*

ON May 1, 1886, E. S. Robinson sold a tract of land to John W. McConnell for $3,850, in consideration of the payment of $1,350 in cash and five promissory notes, each for $490, bearing date May 1, 1886, with interest at the rate of 8 per cent. per annum, maturing in one, two, three, four and five years, respectively. To secure the payment of the notes, McConnell and wife, on the same day, executed and delivered to Robinson a mortgage upon the real estate conveyed to them by Robinson. Soon after receiving the notes and mortgage, Robinson sold them to R. J. Waddell & Co., and, by agreement, he indorsed the two notes first maturing, and the remaining three were indorsed and transferred without recourse. At the same time he assigned and delivered the mortgage deed which secured all five of the promissory notes. The notes were not paid at maturity, and on November 30, 1889, R. J. Waddell & Co. began an action against McConnell and wife and E. S. Robinson upon the two promissory notes first maturing, and upon which Robinson was indorser. McConnell and wife made default, but Robinson answered, in substance, that he was an accommodation indorser or surety upon these notes, and would not have indorsed them but for the fact that they were all secured by the mortgage, and that the two which

he had indorsed were first under the lien of the mortgage, and entitled to be first paid out of the proceeds that should arise from the sale of the mortgaged premises; and he asked for a decree foreclosing the mortgage, and that the notes in suit should be first paid out of the proceeds of the sale of the mortgaged premises.

On February 17, 1890, R. J. Waddell & Co. began another action against McConnell and wife and Robinson upon the three promissory notes last maturing, and which had been transferred by Robinson without recourse, in which action they sought to foreclose the mortgage executed by McConnell and wife to Robinson and assigned by him to R. J. Waddell & Co. Upon motion, the two actions were consolidated, after which Robinson filed an answer to the latter action, in which he set up substantially the same defense as in the first action, and asking that the two notes upon which he was security should be first paid out of the proceeds of the sale of the mortgaged real estate.

At the regular April term, 1890, of the district court of Franklin county, a trial was had and a judgment given against McConnell and wife, and E. S. Robinson as indorser, upon the two promissory notes first maturing, for $1,215, and at the same time a judgment of foreclosure was entered against McConnell and wife for $1,865 upon the three promissory notes last maturing. The court decreed that the mortgage be foreclosed and the real estate sold by the sheriff, and that the proceeds arising from the sale be applied, after the payment of taxes and costs, first, to the payment of the judgment of $1,865 against McConnell and wife upon the three last notes, and, second, to the payment of the judgment of $1,215 which was rendered against McConnell and wife and E. S. Robinson. Robinson complains of the rulings of the court, and asks for a reversal of the judgments that were rendered.

*W. Littlefield,* and *C. A. Smart,* for plaintiff in error.
*Wm. H. Clark,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The only contention that divides the parties is the proper application of the proceeds derived from the sale of the mortgaged property. All of the notes were of the same date and secured by a single mortgage, but they matured at different times. The general rule which has been enforced in this state is, that in the absence of an agreement or countervailing equity, the several notes should have precedence in payment out of the mortgage fund in the order in which they mature. (*Richardson v. McKim*, 20 Kas. 346; *Aultman-Taylor Co. v. McGeorge*, 31 id. 329.) The trial court in this case determined that the understanding of the parties and the equities of the case made the general rule inapplicable. When Robinson proposed to sell the notes to Waddell & Co., they declined to take them upon the security of the mortgage alone. To induce them to purchase, Robinson agreed to furnish additional security by indorsing two of the notes. Evidently Waddell & Co. regarded the mortgage as sufficient security for three of the notes, but until the other two were indorsed by Robinson his offer was not accepted. While he indorsed the notes first maturing, and states that he only indorsed them because they were secured by the mortgage, the testimony strongly tends to show that the purpose of the indorsement was to strengthen the security. If the indorsed notes have precedence in payment over those which are unindorsed, the indorsement is of no value or consequence. The mortgage was unquestionably more than sufficient security for the two indorsed notes, and if they must first be paid out of the mortgage fund Robinson incurred no risk by the indorsement, nor did it furnish any indemnity to Waddell & Co. If it was the understanding of the parties that the indorsement should strengthen the security, the court but carries out that intention when it provides that the unindorsed notes shall be first paid. This appears to have been the understanding of the parties, because, when McConnell failed to pay the debt, Robinson required him to reconvey

the land, as he, Robinson, would have the debt to pay, and must therefore have the land for protection. After the land had been reconveyed to Robinson, he offered to execute a new mortgage thereon to Waddell & Co. for the full amount of the mortgage debt, providing he could have reduced rate of interest. McConnell states that there was a positive agreement, at the time the land was reconveyed, that Robinson would assume to pay the entire mortgage debt. There is conflicting testimony, but all disputed questions must be deemed to have been determined in favor of the defendants in error. There is sufficient in the testimony to take the case out of the general rule of priorities, and to sustain the rule of appropriation which the court adopted. (*Parker v. Mercer*, 38 Am. Dec. 438; Pom. Eq. Jur., §§ 1201, 1203; 2 Jones, Mortg., § 1702.)

The judgment of the district court will be affirmed.

All the Justices concurring.