UNION TRUST CO. *v.* DETROIT MOTOR CO.[1]

| 117 | 631 |
|-----|-----|
| 121 | 441 |

1. BONDS—MORTGAGES—CONTRACT OF GUARANTY—CONSTRUCTION.
    A default in the payment of interest on bonds, whereby, under
    the terms of an accompanying mortgage, the principal sum
    becomes immediately due and payable, does not impose upon
    guarantors, whose undertaking is to pay the principal sum
    and interest "at the time specified in the bonds," a liability
    for the payment of the principal sum before maturity, although
    the bonds, mortgage, and·guaranty were executed at one and
    the same time.

2. SAME—APPLICATION OF SECURITY—EQUITY.
    The general rule of equity that the proceeds of a mortgage
    given to secure several items of indebtedness are to be applied
    to the debt, or portion of the debt, first maturing, will not
    control the decree in a case where the effect of its applica-
    tion would be to work injustice by depriving complainant of
    additional security.   So *held* where, after default in the pay-
    ment of interest upon bonds, but before the maturity of the
    principal, the representative of the bondholders having filed
    a bill to foreclose a collateral mortgage, under a provision
    therein declaring that the principal should become immedi-
    ately due upon default in payment of the interest, certain
    persons, made defendants as guarantors of payment of both
    interest and principal, sought to have the proceeds of the sale
    applied to the interest before being applied to the principal.

3. SAME—CONDUCT OF OBLIGEE—RELEASE OF GUARANTOR.
    Persons who have guaranteed the payment of the principal
    and interest of bonds "at the time specified in the bonds"
    are not released from liability, either as to matured interest
    or as to the principal sum when due, by an election of the
    representative of the bondholders, under a provision in the
    mortgage securing the bonds, to declare the principal imme-
    diately due for default in interest; such election being in-
    effectual as to the guarantors, and in no way varying their
    contract.

4. SAME—FORECLOSURE OF MORTGAGE—PARTIES.
    Under 2 How. Stat. § 6704, providing that, where a mortgage

---

[1] Rehearing denied October 3, 1898.

debt is secured by the obligation of any third person, such person may be made a party to the bill to foreclose, relief may be had against the guarantors of payment of bonds in a suit to foreclose a mortgage securing their payment.

5. SAME — AMOUNT FALLING DUE PENDING SUIT — DECREE.
Where a suit is brought against the guarantors of the principal and interest of bonds before maturity of the principal, and the principal matures pending the suit, it may be included in the decree.

Appeal from Wayne; McMahon, J., presiding. Submitted April 7, 1898. Decided July 18, 1898.

Bill by the Union Trust Company against the Detroit Motor Company, William C. Maybury, and others, to foreclose a mortgage and to enforce the liability of guarantors. From the decree rendered, all parties appeal. Modified and affirmed.

*Russel & Campbell*, for complainant.

*George W. Radford*, for defendants.

MONTGOMERY, J. March 1, 1892, the Detroit Motor Company issued 100 coupon bonds, of $1,000 each, payable March 1, 1897, with interest at 6 per cent., payable semi-annually. Each bond states upon its face that it—

" Is secured by first mortgage to the Union Trust Company of Detroit, Michigan, as trustee, bearing date the 1st day of March, 1892, and conveying to said trustee the real estate, franchises, and plant of this company, located at Detroit, Wayne county, Michigan. This bond is further secured by an instrument in writing of even date herewith, duly executed by J. Huff Jones, William C. Maybury, F. A. Blades, Waring H. Ellis, T. B. Rayl, Charles W. Casgrain, and Ellwood T. Hance, all of Detroit, Michigan, aforesaid, to said trustee, guaranteeing the payment thereof as herein provided."

The mortgage bears the same date as the bonds, is in the usual form, recites the bonds, and contains the following provisions:

"And it is hereby expressly agreed by and between said parties that should any default be made in the payment of said interest, or any part thereof (or any installment of principal, or any part thereof), on any day whereon the same is made payable as above expressed, and should the same remain unpaid and in arrears for the space of 30 days, then and from thenceforth—that is to say, after the lapse of the said 30 days—so much of the aforesaid principal sum of $100,000 as remains unpaid, with all the arrearage of interest thereon, shall, at the option of the said party of the second part, its successors or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired; anything hereinbefore or in said bonds contained to the contrary thereof in anywise notwithstanding.   *   *   *

"This mortgage and the bonds accompanying the same, and to which it is collateral, is guaranteed as to payment by a certain instrument in writing, bearing date March 1, 1892, inuring to the benefit of the said second party, and is signed by the persons comprising the board of directors of the said first party."

The guaranty, which bears the same date as the bonds and mortgage, recites the issuing of the bonds, the execution of a first mortgage to the trust company to secure them, and proceeds as follows:

"Now, therefore, for the purpose of further securing the payment of said bonds, and of each of them, and of the interest due thereon, in accordance with the terms and conditions of said bonds, the parties of the first part hereby agree to and with the said party of the second part, for the benefit of those who may become holders of said bonds, and to and with each of the holders of said bonds, that the said bonds, and each of them, and the interest thereon, shall be paid in accordance with the terms thereof; and they hereby guarantee the prompt payment of the same, both principal and interest, at the time and times specified in the bonds, and in each of them."

Interest being in default for more] than 30 days, the Union Trust Company, at the request of the bond-holders, declared the whole amount of said bonds due, and filed its bill of foreclosure upon May 28, 1896. The guarantors

were made parties, and a personal decree was sought against them. Proofs were taken, and a decree entered against the Detroit Motor Company for the full amount of the principal and interest. The decree also held the guarantors personally liable for the amount of interest which was past due at the time the bill was filed; but the court refused to render a decree against the guarantors for the amount of the principal, upon the ground that the guarantors' liability should be strictly construed, and not extended beyond the terms of their agreement; that their agreement was to pay the bonds according to their terms; and that as the bonds upon their face were not payable until March 1, 1897, there was no liability except for past-due interest. From this finding, complainant appeals. Defendants also appeal.

Counsel for complainant state their contention as follows:

"Only one question is raised by this appeal: Were the guarantors bound by the provision of the mortgage that, in case of default in the payment of interest, the trustee might declare the principal due forthwith?"

Defendants contend that, under the terms of the guaranty, the individual defendants were only liable for the payment of the principal of the bonded debt at its maturity, and that by reason of the complainant's declaring the whole amount due, and proceeding against them in this suit nine months before the date of maturity, their contract was thereby varied, and they were released from liability; and that, if the guarantors be held liable for the interest which had matured on the bonds, the proceeds of the sale of the property under the decree should be first applied to the satisfaction of their liability, inasmuch as the unpaid interest was the portion of the debt first maturing.

1. The complainant invokes the rule that where several instruments are made at the same time, between parties, they should be construed together. This rule is too well established to require citation of authorities; but does it

necessarily determine the question here involved? We think not. The contract of a surety or guarantor is not to be extended beyond its express terms. *Johnston* v. *Township of Kimball*, 39 Mich. 187 (33 Am. Rep. 372); *Bishop* v. *Freeman*, 42 Mich. 533; *Black's Appeal*, 83 Mich. 513; *Grasser & Brand Brewing Co.* v. *Rogers*, 112 Mich. 112. The undertaking of the guarantors in this case was that the bonds, and each of them, and the interest thereon, should be paid in accordance with the terms thereof, and in terms they guaranteed the payment thereof "at the time and times specified in the bonds, and in each of them." It would be an enlargement of this undertaking to treat it as an engagement to guarantee the payment of these bonds at any other or different times. At the time the bill was filed in this case, the guarantors were not liable to pay the principal of these bonds.

2. Assuming that the liability was limited to the interest, should the decree have provided that the proceeds of the foreclosure sale should be first applied to the payment of such interest? We are at a loss to understand upon what equity such a direction should be made. It is suggested that, as a general rule, the application should be made to the debt or portion of the debt first maturing. This is the general rule, but it should not be invoked to work injustice. In this case the complainant supposed it had a double security. It could, as to the interest money due, have pursued either the principal or guarantors. An action might have been maintained on the guaranty, or the mortgage have been foreclosed at law. The guarantors could not have been subrogated to the security without paying the full amount for which the security was held. *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270. Does the fact that the complainant has sought its remedy in equity entitle the guarantors to greater rights, or entitle them to be relieved from their undertaking? We think not. See *Mathews* v. *Switzler*, 46 Mo. 301; *Wood* v. *Callaghan*, 61 Mich. 402 (1 Am. St. Rep. 597); *Noble* v. *Murphy*, 91 Mich. 653 (30 Am. St. Rep. 507).

3. Did the action of complainant in declaring the whole amount of the bonds and mortgage due release the defendant guarantors from the payment of the matured interest? As before stated, to the extent of the matured interest, the liability of these guarantors had become fixed before the bill was filed or any steps taken to declare the whole amount due. The defendants' counsel invokes the well-understood rule that any variation of a contract will discharge the surety or guarantor. But how has this contract been varied? An attempt has been made to declare the bonds due before the date fixed in the bonds for their maturity. This, as to the guarantors, was ineffectual. As to the motor company, it was effectual, as the action taken was within the express terms of the undertaking in the mortgage. Not only is this true, but the guarantors had notice of this right, and contracted with reference to it. While we hold that this obligation cannot be enlarged beyond its terms, we do not hold that an indebtedness may not mature as against the principal at one date, and a guarantor be liable on such indebtedness only in case the default continues to a later date, if the parties see fit to so contract. The election authorized by the terms of the mortgage, which were known to the guarantors, did not operate to discharge them from liability on the matured obligation.

4. Did this action of complainant operate to discharge the guarantors from their liability to pay the bonds at maturity? The undertaking of the principal and that of the guarantors was distinct. The election to proceed to declare the whole amount due as between the complainant and the motor company could not have the effect to change the contract of the guarantors, nor should it be held to release the contract. The contract of the guarantors still remains in force, notwithstanding the unavailing attempt to declare the whole amount due as against them. The contract expressly provides for such election, and the election, when made, did not extend the time or shorten the time for payment, as expressed in the terms

of the contract between the motor company and the mortgagee. Nor was the ineffectual attempt to declare the whole amount due as against the guarantors of great effect. The force of this action was not different than that of a premature suit, which it cannot be maintained would discharge a debtor, be he principal or guarantor.

It is contended that relief cannot be had in this suit against the guarantors, but we think the statute (2 How. Stat. § 6704) authorizes the joining of guarantors of payment with the principal debtor in foreclosure proceedings. *Johnson* v. *Shepard*, 35 Mich. 115; *Michigan State Bank of Eaton Rapids* v. *Trowbridge*, 92 Mich. 221.

The principal of the bonds having matured since the suit was instituted, the decree should pass against the guarantors for the full amount due. *Johnson* v. *Van Velsor*, 43 Mich. 215; *Jehle* v. *Brooks*, 112 Mich. 131; *Hanford* v. *Robertson*, 47 Mich. 100.

The decree below will be modified as indicated in this opinion. The complainant will recover costs of both courts.

The other Justices concurred.