TOLERTON & STETSON COMPANY, Appellant, v. M. J.
ROBERTS, AL ROBERTS, H. ROBERTS, *et al.,* Defend-
ants, F. H. PLUMB, Intervener.

Mortgage **Foreclosure:** APPLICATION OF PROCEEDS. Where several
notes are secured by a chattel mortgage, and there is also
personal security on the note first maturing, the mortgagee is
not required to first apply the proceeds of a foreclosure sale
of the mortgaged property to the payment of such note, but
may first pay the notes not otherwise secured.

MORTGAGOR CANNOT DIRECT APPLICATION. A chattel mortgagor, though
having the right to direct the application of voluntary pay-
ments to particular items of the secured indebtedness, cannot
thus direct the application of the proceeds of a foreclosure
sale of the mortgaged property.

CONTRACT TO APPLY: *Representations held not to constitute.* Rep-
resentation by a chattel mortgagee to induce intervener to
sign, as surety, the notes first maturing of a series of notes
secured by the mortgage, that, as the notes are first, they will
be paid from the first part of the mortgaged property, is not
sufficient to show a contract that the proceeds of a sale of the
mortgaged property shall first be applied to the payment of
the notes signed by intervener, as it is merely a statement of
the mortgagor's interpretation of the law.

*Appeal from Pocahontas District Court.*—HON. W. B.
QUARTON, Judge.

FRIDAY, JANUARY 31, 1902.

ACTION in equity to foreclose a chattel mortgage given
by defendant M. J. Roberts to secure the payment of certain
notes executed by defendants M. J. Roberts, Al Roberts, and
H. Roberts, and to enjoin the disposition of the property
covered by the chattel mortgage to the prejudice of plain-
tiff's rights thereunder.    F. H. Plumb intervened, and
asked that the proceeds of the foreclosure be first applied

to certain other notes signed by the same defendants, with intervener as surety, maturing prior to the notes described in plaintiff's petition, and secured by the same chattel mortgage. The court granted the relief asked by intervener, and plaintiff appeals.—*Reversed.*

*J. A. Berry* and *D. M. Kelleher* for appellant.

*William Hazlett* for appellees.

McClain, J.—Plaintiff, as creditor of the A. S. Roberts Shoe & Grocery Company, which had made an assignment for the benefit of creditors, purchased from the assignee a stock of goods belonging to the company and resold the same to defendant M. J. Roberts, receiving part payment in cash, and the notes secured by the chattel mortgage in this suit for the balance of the purchase price, which was made up of $400, balance after applying the cash payment to the amount which plaintiff had paid for the stock, and the indebtedness of the A. S. Roberts Shoe & Grocery Company to plaintiff. By this transaction the plaintiff was attempting to secure payment for what it had advanced in the purchase of the stock and its indebtedness against the former company. On the notes, which represented the $400 unpaid balance of the money paid out by plaintiff in the purchase of the stock, and which were the first notes falling due secured by the chattel mortgage, plaintiff also secured the signature of intervener. Of the notes on which intervener was security, three remain in whole or in part unpaid, as do, also, a considerable number of notes, also secured by the mortgage, which were not signed by intervener. Plaintiff in the action as originally brought sought to foreclose its mortgage and apply the proceeds of the mortgaged property to the payment of the notes not signed by intervener, and intervener, by his intervention, attempts to compel plaintiff to apply the proceeds

of the mortgaged property first to the satisfaction of the notes on which intervener is liable as surety.   Aside from any agreement between the parties, intervener is not entitled to have the proceeds of the mortgaged property first applied in satisfaction of the notes on which he is surety, even though in order of maturity they precede the other notes secured by the mortgage.   A court of equity will allow the mortgagee to first apply the proceeds to the satisfaction of indebtedness not otherwise secured, thus realizing the full benefit of the additional security, if the proceeds of the mortgaged property are not sufficient to satisfy the entire debt.   *Small v. Older,* 57 Iowa, 326; *Hanson v. Manley,* 72 Iowa, 48; *Bank v. Whinery,* 110 Iowa, 390; *Shellabarger v. Binns,* 18 Kan. 345; *Bank v. Finck,* 100 Wis. 446 (76 N. W. Rep. 608); *Schuelenburg v. Martin,* (C. C.) 2 Fed. Rep. 747; *Nichols v. Knowles* (C. C.) 17 Fed. Rep. 494; Jones, Chattel Mortgages, sections 638, 639.

2        While the mortgagor in making payments on the indebtedness covered by the mortgage, may, no doubt, direct application of payments as he sees fit, if he does not do so a court of equity will adjust the application of the proceeds of the mortgaged property on foreclosure in accordance with its own notions of justice, and the mortgagor cannot control such application.   *U. S. v. Kirkpatrick,* 9 Wheat. 720, 737 (6 L. Ed. 199); *Field v. Holland,* 6 Cranch, 8, 28 (3 L. Ed. 136); *Lazarus v. Freidheim,* 51 Ark. 371 (11 S. W. Rep. 518); *Applegate v. Koons,* 74 Ind. 247; *Fairchild v. Holly,* 10 Conn. 175, 184; *Robinson v. Doolittle,* 12 Vt. 246.   Where the payment is the result of compulsion, its application is not to be governed by the rules which govern voluntary payments. *Armstrong v. McLean,* 153 N. Y. 490 (47 N. E. Rep. 912); *Orleans Co. Nat. Bank v. Moore,* 112 N. Y. 543 (20 N. E. Rep. 357, 3 L. R. A. 302, 8 Am. St. Rep. 775). The last two cases seem to hold that under such circumstances the proceeds of the property should be applied *pro*

*rata* to the notes secured, without regard to priority of maturity, and without regard to other security which the creditor may have for some of such notes; but the right of the mortgagee to have the proceeds applied to the notes not otherwise secured, in preference to those on which he has other security, has been fully recognized by this court, and we see no occasion to change the rule which we have already adopted on this subject.

These are the principles which must control in the decision of this case, and they are not seriously controverted by the intervener. But he contends that when the notes were executed a collateral oral agreement was entered into between him and plaintiff that the mortgage security should be held first for the payment of the notes on which he was surety and that this agreement must control in the disposition of the proceeds of the mortgaged property. We will not follow counsel in the discussion of the question whether the effect of the mortgage can thus be controlled by a collateral oral agreement, for we think that no such agreement was made. It appears that there was some conversation between the representative of plaintiff and the intervener to the effect that intervener, as surety on the first series of notes, was secured by the mortgage. In a sense, this was the result of the mortgage itself; for the plaintiff would be required to satisfy the entire indebtedness, including the first series of notes, out of the proceeds of the mortgaged property, if practicable. It was also true that the probability of the payment of the first series of notes, on which intevener was surety, was greater than that of the notes subsequently falling due; and this is all that was probably intended to be stated by plaintiff's representative. But even if, as claimed, the representative of plaintiff stated to the intervener that these "were the first notes, and they would be paid from the first part of the stock," this statement, in the connection in which it was used, was plainly a statement with reference to his understanding

of the law, and not an agreement intended to vary the legal effect of the mortgage. It seems to have been assumed (erroneously, of course) by both the representatives of plaintiff and the intervener that in case of foreclosure the proceeds would, as matter of law, be applied in this way; but, as we read the record, the testimony of intervener himself does not show that either party supposed that he was entering into a definite collateral agreement to vary the legal effect of the provisions of the chattel mortgage. It is clear, without citation of authorities, that a mutual mistake of law with reference to the effect of the transaction would not entitle the intervener to any relief. We must therefore hold that the plaintiff had the right to foreclose his chattel mortgage as to the notes not signed by intervener as surety, and apply the proceeds of the property to the satisfaction of those notes, without regard to the payment of the notes on which intervener was surety, though, of course, if any surplus remains after the payment of the notes not otherwise secured, such surplus must be applied to the notes signed by intervener, leaving him liable only for any unsatisfied balance. Intervener was therefore not entitled to the relief asked in his petition, and his intervention should have been dismissed.—REVERSED.