ROBERT L. HENRY, Respondent, v. C. G. SAFFORD,
Appellant.

In the Kansas City Court of Appeals, May 22, 1922.

1. **PLEADING: Bills and Notes: A Petition Pleading in Haec Verba Notes Sued on, and That by Reason of the Notes Defendant Guaranteed Payment, Held, After Answer Admitting Same and Verdict That Petition Alleged Guaranty and Stated a Good Cause of Action.** A petition which pleads *in haec verba* notes signed by the defendant on the back of which was an endorsement that defendant guaranteed the payment thereof, and alleging that by reason of the note defendant guaranteed the payment thereof and that upon demand defendant refused to pay the same, where the answer thereto admitted that defendant was guarantor upon the notes and after verdict, *held*, to allege that defendant guaranteed the payment of the notes and that the petition stated a good cause of action.

2. **MORTGAGES: Deeds of Trust: Guarantor of Payment of Notes Secured by Deed of Trust Does not Have Right of Creditor to Require Proceeds of Sale Thereunder to be Applied to Notes First Maturing.** Where defendant guaranteed the payment of notes which, with another note, were secured by a deed of trust, he could not be classed as a creditor, the suit not being one between contending creditors and defendant, and to have the right of a creditor to require the proceeds of a sale under the deed of trust to be applied to the notes maturing first, and which were the guaranteed notes.

3. ————: ————: **Trustee Under Deed of Trust Can Apply Proceeds of Sale Thereunder to Notes Last Maturing Where Earlier Notes Were Secured by Personal Guaranty.** Where the terms of a deed of trust provided that in case of default in payment of any part of debt and interest evidenced by certain notes maturing at different dates, the whole should become due, the trustee under the deed of trust in case of foreclosure was not required to pay the notes in the order of their maturity, but could apply proceeds of sale of mortgaged property first to payment of notes last maturing as the earlier notes were secured by personal guaranty.

4. ————: **Bill and Notes: Payment: In Absence of Stipulation to Contrary Creditor May Apply Proceeds of Sale of Mortgaged Property to Payment of Unsecured Debt.** In the absence of some con-

tractual stipulation to the contrary where a creditor holds several notes against the same debtor, all of which were secured by a mortgage and on one or more of the notes a personal security is bound as well, he is entitled to the benefit of all of the securities he has taken and may apply proceeds of sale of the mortgaged property to the payment of the unsecured notes and pursue the personal security for the payment of secured notes.

5. **BILL AND NOTES: Guaranty: In Applying Proceeds of Security Guarantor of Payment of Note Has no Greater Rights than Surety.** Where a guaranty of notes was not one of collection only but was one of payment, the guarantor occupies the same position as an ordinary surety upon the notes, has no greater rights and cannot compel creditor to apply proceeds of another security to the guaranteed notes, rather than to other notes s cured only by the other security.

6. **SUBROGATION: Guarantor not Entitled to Subrogation in the Absence of His Paying Off the Debt Guaranteed by Him.** Where defendant, a guarantor, was not in same situation as a creditor but was primarily liable upon the debt there were no superior equities in favor of defendant as between him and the plaintiff and defendant was not entitled to subrogation in the absence of his paying off the debt upon which he was guarantor.

7. **GUARANTY: Estoppel: Guarantor Held Estopped to Urge Compliance with Certain Contract Provisions.** Where a contract between vendor, purchaser and guarantor of purchase money notes provided that the deed and deed of trust should deposited in escrow and delivered when a writ of attachment levied upon the property was released the contention that the papers were delivered directly to vendor who accepted them and failed to release the attachment thereby impairing security and increasing liability of guarantor without his knowledge was waived, where thereafter guarantor accepted the deed to the property and repaired the same as required by the contract and that prior to the foreclosure the attachment was released.

Appeal from the Circuit Court of Jackson County.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*Stanton, Hardaway & Wagner* for respondent.

*Erasmus C. Hall* for appellant.

BLAND, J.—This is a suit in two counts against the guarantor of two promissory notes. The first count is on a note for $500 and the second on one for $1,000; both of the notes are dated Kansas City, Missouri, December 15, 1915; the first note was due one year after date and the second two years after date and both were signed as maker by Clarence G. Brayton. Each note has endorsed on the back thereof the words, "I guarantee the payment of this note at the maturity thereof, C. G. Safford." At the close of all the evidence the court gave a peremptory instruction to find for plaintiff on both counts, resulting in a verdict in favor of plaintiff in the sum of $1885.75, and defendant has appealed.

These notes were guaranteed by defendant in compliance with a contract entered into between plaintiff, defendant and one Brayton on November 24, 1915. This contract provides that plaintiff agrees to sell "the buyer" certain improved real estate in Kansas City, Missouri; that the balance of the purchase price of the property, $5,000, was to be paid by the execution of three notes; one for $500 due in one year from date thereof, one for $1,000 due in two years and one for $3500 due in five years, all to be secured by a deed of trust "containing usual provisions" to be given on the property; that "in consideration of Charles G. Safford endorsing and guaranteeing the paying of the first two notes; one for $500 and one for $1,000, and guaranteeing that the property be repaired, . . . and that all of the labor and material bills will be paid, so that there can be no lien filed against the property by reason of the repairs, . . . that if Safford elects the said deed above referred to shall be delivered to him, upon his causing the notes above referred to to be executed and the Deed of Trust executed, by another party, and the property then conveyed to him or to his order." It was further agreed that plaintiff would deposit a deed with the name of the grantee left in blank with the Pioneer Trust Company with authority to said company to insert the name of such grantee as should be designated by defendant who

should execute the notes and deed of trust. A writ of attachment had been levied upon the property and it was agreed that the deed to be deposited was to be held by the trust company for the buyer or defendant and should be delivered when the attachment was released and upon delivery to the trust company of the notes and deed of trust mentioned supra.

The deed was executed by plaintiff and forwarded to his agent McMechan in Kansas City, Missouri. Brayton executed the notes and deed of trust and delivered them to McMechan but the latter failed to deposit them with the trust company but had the warranty deed and deed of trust recorded and sent the notes to plaintiff. Upon default in the payment of the $500 note the deed of trust was foreclosed. The property at the foreclosure sale brought $4,000. The trustee, McMechan, applied the proceeds of the sale to paying, first, the cost of the foreclosure and, second, the $3500 note, leaving a small balance which was applied toward the payment of the $500 note. The deed of trust provided that "should the first parties fail or refuse to pay the said debt or the said interest or any part thereof, when the same or any part thereof shall become due and payable, according to the true tenor, date and effect of said notes, then the whole shall become due and payable."

Defendant insists that the court erred in giving plaintiff's peremptory instruction and in refusing to give his. It is first insisted that the petition fails to state a cause of action in that it is claimed that neither count of the petition alleged that "defendant signed his name as guarantor or did any act by which he might be bound;" that "no promise is alleged in either count." Each count pleads *in haec verba* the note signed by Brayton and that on the back of each note was endorsed, "I guarantee the payment of this note at the maturity thereof—C. G. Safford." Count one alleges that "by reason of said note . . . said C. G. Safford guaranteed the payment of said note at the maturity thereof, which he has not done." This count also alleges that the

note was presented at its maturity to Safford and demand upon him was made for its payment but that he has not paid "although defendant, by his said endorsement on the back of said note, guaranteed the payment thereof at its maturity." The second count pleads the demand upon Safford to pay and his refusal to .pay and contains the same allegation as that last quoted in reference to count one. The answer admits that defendant was the guarantor upon both notes.

We think there is no question but that in view of the fact that the attack is made on the petition after verdict, the allegations in the petition in reference to the matter referred to by defendant in connection with this point state a good cause of action. The necessary inference from the allegations is that defendant executed the guaranty by signing his name thereto as guarantor, guaranteeing the payment of notes at their maturity. Pleading a writing *in haec verba* is not ·subject to objection if defendant answers. [Gilsey v. Gilsey, 193 S. W. 858.]

It is contended that the trustee should have applied the money received at the trustee's sale upon the notes as they matured, and that as enough money was realized at the sale, above the expenses, to discharge the notes sued upon in this case which matured before the $3500 note, it is to be considered that those two notes have been paid, and that defendant was entitled to a peremptory instruction. In this connection defendant cites Mitchell v. Ladew, 36 Mo. 526, and cases following that case which hold that in suits between contending creditors the notes must be paid from the proceeds of the mortgaged property in the order of their maturity even though the deed of trust provides that the whole of the indebtedness represented by two or more notes shall become due on non-payment of any of the notes or any part of the interest. However, those cases have no application to the case at bar because this case is not a suit between contending creditors and defendant is not to be classed as such a creditor although he attempts to so classify himself. Here the trustee was right in applying the proceeds of

the sale to the debt the security of which was the more precarious, to-wit, the $3500 note, which was secured by the deed of trust only.

It is stated in Lyons v. Carter, 84 Mo. App. 483, 489—

"The rule is, that where a creditor holds several claims against his debtor, and the latter makes a payment without giving directions as to its application, the creditor may make the application; if neither the creditor nor debtor makes the application, the law will apply it to the debt which first accrues, unless justice and equity demand a different application. [Beck v. Haas, 111 Mo. loc. cit. 268.] *And the law in such circumstances will apply the payment to the debt whose security is most precarious.* [Poulson v. Collier, 18 Mo. App. loc. cit. 608.] Or, where one is secured and the other unsecured, the law will apply the payment to the unsecured debt." (Italics ours.)

In Threshing Machine Co. v. Matthews, 188 Mo. App. 429, 434—

"But where a creditor holds several securities for the same debt, he is entitled to enjoy the full benefit of all without restriction, unless some contractual stipulation provides otherwise. For instance, if the creditor holds several notes, as here, against the same debtor, all of which are secured by a mortgage and on one or more of the notes a personal security is bound as well, he is entitled to the benefit of all of the securities he has taken. Therefore, if the property be sold under the mortgage, the creditor may apply the proceeds of the sale to the payment of the notes not otherwise secured and pursue the personal security for the payment of those to which he has affixed his name in assurance of their payment. Otherwise the creditor will be denied the right to the benefit of all of the security he has taken for the debt." [See also Bank v. Riggs, 72 Mo. App. 239; Mathews v. Switzler, 46 Mo. 301; Insurance Co. v. Rodger, 191 S. W. 1066.]

It is stated by the defendant "The deed of trust in this case was for the benefit of both creditor and guarantor and the creditor has no right to cut the guarantor out of his security or the security for the notes on which he was guaranty, and the guaranty was not liable until the security was exhausted." And in connection with this, defendant insists that he was only secondarily liable upon his guaranty and not liable at all until resort had been made to the mortgage to discharge the debt guaranteed as well as to the note and that the doctrine of *strictissimi juris* is applicable to a contract of guaranty. In this connection defendant fails to draw a distinction between a guaranty of payment and a guaranty of collection. We need not say whether defendant's position would be well taken if his guaranty was one of collection only, for there is no question but that the guaranty in this case was one of payment. [Osborne & Co. v. Lawson, 26 Mo. App. 549; Wright v. Dyer, 48 Mo. 525.] In the leading case of McMurray v. Noyes, 72 N. Y. 523, 524, 525, in respect to the difference between the two forms of guaranty, it is stated—

"The fundamental distinction between a guaranty of payment and one of collection is, that in the first case the guarantor undertakes unconditionally that the debtor will pay, and the creditor may, upon default, proceed directly against the guarantor, without taking any steps to collect of the principal debtor, and the omission or neglect to proceed against him is not (except under special circumstances) any defense to the guarantor; while in the second case the undertaking is that if the demand cannot be collected by legal proceedings the guarantor will pay, and consequently legal proceedings against the principal debtor, and a failure to collect of him by those means are conditions precedent to the liability of the guarantor; and to these the law, as established by numerous decisions, attaches the further condition that due diligence be exercised by the creditor in enforcing his legal remedies against the debtor."

Defendant for the purposes of this case, at least, is in no different position than an ordinary surety upon a note. He is not entitled to any greater rights and is not to be classed with creditors.

See Wilkinson-Gaddis Co. v. Van Riper, 63 N. J. L. 394, 397, where the court said—

"If it had been a contract of liability upon the failure of the creditor to collect of the principal debtor, or, in other phrase, a guaranty of collection simply, then an unsuccessful attempt against him to collect, and notice thereof to the defendant, or insolvency, would be not only a requirement of proof, but also an averment of that purport and effect because necessary to be contained in the declaration.

"But, under the contract as stated in the declaration, the defendant became an original promisor.

"The mere use of the term 'guaranteed,' as used in the declaration, can have very little significance in determining the character of the engagement of the defendant, for, by whatever name it is called, the contract was one to pay, not upon the default of or miscarriage of the principal debtor, but one which bound the defendant with him at the same time and upon the same consideration to pay the debt at that time incurred, and such as should thereafter be incurred to the amount named, and the defendant, as a surety, was bound to know every default of his principal, and therefore such default and notice thereof need not be averred. The default of the principal debtor was alike the default of the defendant. The obligation was an original one to pay the debt on the part of the defendant, and she could be subjected to an action immediately and before suit against the principal debtor."

The two cases of Smythe v. New England Loan and Trust Co., 12 Washington 424, and Union Trust Co. v. Motor Co., 117 Mich. 631, are directly in point. In the latter case only the interest upon the bonds were due at the time of the foreclosure and the guaranty provided that it was for the prompt payment of the interest and

principal when due. At the time of the suit the principal had not become due. At page 635, the court said—

"Assuming that the liability was limited to the interest, should the decree have provided that the proceeds of the foreclosure sale should be first applied to the payment of such interest? We are at a loss to understand upon what equity such a direction should be made. It is suggested that, as a general rule, the application should be made to the debt or portion of the debt first maturing. This is the general rule, but it should not be invoked to work injustice. In this case the complainant supposed it had a double security. It could, as to the interest money due, have pursued either the principal or guarantors. An action might have been maintained on the guaranty, or the mortgage have been foreclosed at law. The guarantors could not have been subrogated to the security without paying the full amount for which the security was held."

It is insisted that by the terms of the deed of trust the trustee in case of foreclosure was required to pay the three notes in the order of their maturity and the fact that the deed of trust provided that in case of default in the payment of any part of the debt or interest when it became due the whole debt should become due, would not affect the situation, for that provision was merely for the purpose alone of allowing for the distribution of the money coming into the hands of the trustee on foreclosure and was for no other purpose. In support of this contention defendant cites the case of Hurck v. Erskine, 45 Mo. 484. In that case the controversy was between creditors. The trial court made a *pro rata* distribution between the holders of the notes successively becoming due. The Supreme Court construed a provision in the deed of trust to the effect that if there should be a default in the first note, the whole number should become due and applied the rule in Mitchell v. Ladew, supra. The court held that in the absence of other agreement the notes were to be paid in the priority in which they matured and stated that the provision that all of the

notes should become due if the first was not paid when due, was merely for the purpose of distribution of the funds coming into the trustee's hands so that he should not have to hold the money payable on the notes not yet due until they should become due, but could pay over all the money in his hands at once. We fail to find any consolation for defendant in this case. There the controversy was between creditors and the court was making an equitable distribution as between them. As before stated, defendant does not stand in the same favorable situation as a creditor but is primarily liable upon the debt. There are no superior equities in favor of defendant as between him and the plaintiff as defendant was not entitled to subrogation in the absence of his paying off the debt upon which he was guarantor. .

It is pleaded in the answer that a writ of attachment had been levied upon the property but that plaintiff failed to release or cause the same to be released prior to default in the deed of trust; that plaintiff failed to deposit the warranty deed or deed of trust and notes in the trust company to be held until the writ of attachment should be released but that plaintiff's agent, McMechan, "wrongfully delivered the same directly to the plaintiff, who accepted them and failed to release said attachment, thereby impairing the security for said notes and increasing the liability of this defendant as guarantor without his knowledge or consent." Plaintiff's reply pleads waiver and estoppel in relation to the matter of having the papers deposited with the trust company. The facts show that defendant accepted the deed to the property and repaired the same; that he exercised all the rights of ownership and control over it and assisted Brayton in conveying it to another person; that prior to the foreclosure the attachment was released. We think there is no question but that defendant is not in a position to urge the matter complained of.

The judgment is affirmed. All concur.