KOEHRING COMPANY, a corporation; and Hartford Accident and Indemnity Company, a corporation, Appellants,

v.

UNITED STATES of America, for the Use of HOOVER EQUIPMENT COMPANY, a corporation, Appellee.

No. 6878.

United States Court of Appeals Tenth Circuit.

May 17, 1962.

John W. Sublett, of the firm of Kothe, Hall, Jones & Sublett, Tulsa, Okl., for appellants.

Harvey L. Harmon, of the firm of Franklin & Harmon, Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This Miller Act (49 Stat. 793, 40 U.S. C.A. § 270a et seq.) case was brought to recover the amount due for the use of equipment by a subcontractor, Central Asphalt Paving Company, on a construction and improvement project at Tinker Air Force Base in Oklahoma. The parties agree that the subcontractor used machinery rented from the use-plaintiff, Hoover Equipment Company, on this job, and that the proper charge for its use was $4144.26. Except for testimony pertaining to the issue on appeal, the case was submitted to the trial court on stipulated facts. The only issue presented here is whether the trial court erred in denying the prime contractor, Proctor Engineering Company,[1] a credit for a $3000.00 check, which it drew, payable jointly to Central and Hoover.

While Central was performing this subcontract, it was also working on several other construction jobs. It had rented construction equipment from Hoover over a period of time, and had used the same equipment on more than one job. In July of 1959, Central was indebted to Hoover for more than $8000.00. Hoover was pressing Central for payment, and Central advised Hoover that Proctor was indebted to it in the amount of $16000.00. It was agreed that Central would immediately obtain a $3000.00 check from Proctor. To insure payment to Hoover, the check was to be made payable to Hoover and Central jointly, and when received by Hoover, was to be applied to the oldest debts due to Hoover from Central.

The trial court found: that Hoover did not "have any knowledge or indication that Central was working on the Runway job, or that Proctor was prime contractor on that job;" that the check payable jointly to Central and Hoover was brought to Hoover by Central's president, who endorsed it and left it with Hoover; that no mention was made of the government contract at that time, nor was anything further said as to how the check proceeds should be applied; that the check bore no notation that it was intended as payment of a specified debt; and that Hoover applied the proceeds in accordance with the earlier agreement with Central. These findings are supported by the evidence, and are not clearly erroneous. Proctor and its surety contend here that Hoover's receipt of Proctor's check as one of the joint payees was sufficient to give it notice of the source of the funds, and that it then had an equitable duty to apply the check proceeds to the particular account out of which this claim arises.

The general rules with respect to the application of payments to existing debts are stated in Restatement, Contracts § 387 (1932), as follows:

"Where more than one matured contractual duty is owed to the same person and these duties are for performances of identical character, such as the payment of money, a payment or other performance capable of discharging in whole or in part either one or another of these duties, is applied, subject to the rules stated in §§ 388–393,

"(a) as the debtor, at or before the time of payment or performance,

1. Proctor Engineering Company was the corporate predecessor of the defendant, Koehring Company.

manifests to the creditor an intention to have it applied; or,

"(b) if the debtor makes no such manifestation, as the creditor within a reasonable time manifests an intention to have it applied; or,

"(c) if neither the debtor nor creditor makes a seasonable manifestation of intention, as a just regard to its effect upon the debtor, the creditor, and third persons makes it desirable that it should be applied."

These rules have been followed by the federal courts, including our own, in cases similar to this one. United States to Use of General Elec. Distrib. Corp. v. Bell Const. Co., 7 Cir., 226 F.2d 99; Standard Sur. & Cas. Co. of New York v. United States for Use and Benefit of Campbell, 10 Cir., 154 F.2d 335, 164 A.L.R. 935; United States for Use of Carroll v. Beck, 6 Cir., 151 F.2d 964, 166 A.L.R. 637; United States, for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins, 4 Cir., 67 F.2d 121; Delaware Dredging Co. v. Tucker Stevedoring Co., 3 Cir., 25 F.2d 44; United States for Use and Benefit of Wolther v. New Hampshire Fire Ins. Co., E.D.N.Y., 173 F.Supp. 529; Wolf v. Aero Factors Corp., S.D.N.Y., 126 F.Supp. 872, aff'd per curiam 2 Cir., 221 F.2d 291; Anno., 57 A.L.R.2d 855 (1958). Cf. Mid-Continent Supply Co. v. Atkins & Potter Drilling Corp., 10 Cir., 229 F.2d 68, 57 A.L.R.2d 849.

 The general rules yield to a special rule if the debtor owes a duty to a third person to devote money furnished by the third party to the satisfaction of a particular debt, and the creditor knows or has reason to know that the debtor owes such a duty to the third person. In this situation the payment may not be applied to other debts. United States for Use of Carroll v. Beck, supra; R. P. Farnsworth & Co. v. Electrical Supply Co., 5 Cir., 112 F.2d 150, 130 A.L.R. 192; 5 Cir., 113 F.2d 111, 130 A.L.R. 197, cert. denied 311 U.S. 700, 61 S.Ct. 139, 85 L. Ed. 454; United States for Use and Benefit of Crane Co. v. Johnson, Smath-

ers & Rollins, supra; Anno., 130 A.L.R. 198 (1941); Restatement, Contracts §§ 388 and 389(e) (1932). Even though Hoover was a payee on Proctor's check, the trial court found that it had no knowledge or notice of Central's duty to Proctor to discharge a particular debt with the $3000.00 payment. Hoover knew that Proctor had furnished the money for the payment, but under these circumstances the check did not serve to place Hoover on notice of Central's duty to Proctor. Since knowledge or notice of the debtor's duty is essential to the application of the special rule, Hoover was free to apply the payment in accordance with the agreement between it and Central.

Affirmed.