### HORN et al. v. ALEXANDER.

No. 11093—Opinion Filed Feb. 27, 1923.

Rehearing Denied July 10, 1923.

(Syllabus.)

**Appeal and Error—Questions of Fact—Verdict—Payment—Application by Debtor.**

A debtor, when making a payment, has the primary right to direct its application to such debt as he may choose; but when there is a conflict in the testimony as to what application was to be made of the payment, and as to whether the payment was applied in accordance with the direction of the debtor, and the question is submitted to the jury, the finding of the jury will not be disturbed on appeal.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Minnie D. Alexander against Ida R. Horn and another on note and mortgage. Judgment for plaintiff, and defendants bring error. Affirmed.

T. G. Cutlip and W. S. Pendleton, for plaintiffs in error.

Lydick & Arrington and John L. Arrington, for defendant in error.

COCHRAN, J. This action was instituted by defendant in error against plaintiffs

in error for judgment on a promissory note and foreclosure of mortgage on real estate. The parties will be referred to as plaintiff and defendants, as they appeared in the lower court. Judgment was rendered for plaintiff, and defendants have prosecuted an appeal to this court.

The first assignment of error presents for our consideration the insufficiency of the evidence to support the judgment, in that defendants claim that the uncontradicted testimony shows that a $600 payment was directed to be applied on the note sued for, and in violation of such direction was applied on other indebtedness. We have carefully examined the record on this question, and find that there was abundance of evidence tending to show that the payment was properly applied, and, such being the case, the verdict of the jury is conclusive.

Defendants next complain of the action of the trial court in admitting in evidence two chattel mortgages executed by the defendants to the Security State Bank of Tribbey. Defendants argue that there is no testimony tending to show that the plaintiff owned these mortgages or was in any manner interested in them. While it is true that there is no direct evidence showing that plaintiff had any interest in these mortgages, there is testimony showing that a portion of the $600 referred to in the first assignment was by agreement between the parties applied on these two mortgages, and the balance was applied on the indebtedness represented by the note and mortgage sued on in this cause. The defendants contended that there was no such agreement, and that there was a specific direction that the entire amount should be applied on the indebtedness sued on in this case. We are of the opinion that these mortgages were properly introduced and considered in evidence along with the other testimony showing the application of the $600 payment.

Defendants complain of the instructions of the trial court, but, after careful examination of the evidence and instructions, we are of the opinion that the instructions fully and fairly stated the law applicable to the issues, and that no error was committed in instructing the jury.

We are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.