## SIPES v. ARDMORE BOOK & NEWS CO. et al.

No. 18825. Opinion Filed Jan. 29, 1929.

Rehearing Denied Oct. 1, 1929.

Brown & Williams, for plaintiff in error.

Geo. A. Ahern, for defendants in error.

HERR, C. This is an action brought to recover the proceeds arising from the sale of certain school books delivered by plaintiff to the Ardmore Book & News Company, a copartnership, under a written agency contract. The contract was executed on the 1st day of August, 1922, and under its terms expires August 1, 1929.

Under the terms of this contract, certain books were to be consigned to the defendant news company to be sold by said company and the proceeds remitted to plaintiff, and as compensation for this service to plaintiff, said defendant was entitled to ten per cent. commission.

A bond was executed by said defendant news company with the defendants W. J. Lane, O. B. Reeder, H. P. Nichols, Ed Slough, R. F. Brown and D. T. Stiles, as sureties, guaranteeing the faithful performance of the contract. Suit is brought on this contract and bond.

It appears that, at the time of signing the contract and execution of the bond, the defendant news company had on hand, under a prior contract, books belonging to plaintiff or funds on hand arising from the sale thereof, amounting to $1,570.81. The contract in question was terminated by bankruptcy of the defendant news company some time in the latter part of October, 1922, at which time a petition in bankruptcy was filed against the said company.

During the life of the contract, there was consigned to defendant news company, under the terms of the contract, books in the amount of $1,752.96, and during said time remittances were made by said defendant company, arising from sales, in the amount of $2,066.90. Subsequent to bankruptcy, plaintiff received remittances from the referee in bankruptcy in the sum of $158.42, and return of books in the sum of $480.08, leaving a balance due in favor of plaintiff and against defendant news company in the sum of $618.37, for which sum plaintiff asks judgment against all defendants.

The trial court rendered judgment against defendant news company, and the individual members thereof, in the sum prayed for, but rendered judgment against defendant sureties for the sum of only $47.46. Plaintiff appeals.

Complaint is made by plaintiff only as to the judgment rendered against the sureties, the contention being that judgment for the entire amount should have been rendered against them. The sureties, among other things, pleaded payment; that is, that remittances were made to plaintiff by defendant news company for all books received and sold by said defendant under the contract and guaranteed by them and that they are not liable for the proceeds arising from the sale of books on hand prior to the execution of the contract and bond sued on.

The evidence discloses the value of the books consigned and remittances made during the life of the contract, and books, or funds on hand prior to the execution thereof, to be as above detailed.

It is the contention of the sureties that

they cannot be held liable under the terms of the contract and bond for proceeds arising from the sale of books consigned to the news company prior to the execution thereof, the contract, by its terms, not so providing. We think this contention is correct. In the case of Love v. Cahn (Ark.) 124 S. W. 259, it is said:

"A bond should not be held to cover a liability occurring before its execution unless its terms make provision to that effect."

The rule above announced is not controverted by plaintiff, but it is argued that it was the intention of the parties that the contract and bond should cover and include books on hand at the time of its execution. The answer to this contention is that the intention of the parties, where the instrument is unambiguous, must be gathered from the language of the instrument itself, and where the language is plain and unambiguous, the same is not open to construction.

Our attention is called to no clause of the contract from which such intention can be gathered, and we fail to discover such clause. The contract provides that it shall be in full force and effect from the date of its signing, August 1, 1922. to August 1, 1929; provides for the handling of books consigned during its life and for monthly remittances of the proceeds arising from the sale of books so consigned. The bond is for the faithful performance of the conditions of the contract. Nothing is stated within the bond or contract, which could be construed as creating a liability against the sureties for any delinquencies accruing prior to the execution thereof. The sureties, therefore, are liable only for defaults accruing since the execution of the contract and bond sued on.

The trial court found from the evidence that remittances were made by the defendant news company covering all sales made by them under the terms of the contract sued on, except $47.46, for which amount judgment was rendered against said sureties. We cannot say that there is no evidence reasonably tending to support this finding.

Plaintiff seeks to invoke the application of payment rule. It is urged that when remittances were made by defendant news company, no directions were given as to which account the same should be applied, and plaintiff had, therefore, the legal right to apply the same on the oldest account and on the account for which it had no security. This is correct as a general rule, but it has no application to the case at bar. Plaintiff could not take the proceeds from the sale of books consigned under the contract and apply the same to a different account, and thus indirectly hold the sureties for an obligation which they did not, by the terms of the contract and bond, assume.

Volume 21, R. C. L. 109, announces the following rule:

"The general rule that a surety cannot control the application of a payment is applicable solely in those cases where the principal makes the payment from funds which are his own and are free from any equity in favor of the surety to have the money applied in payment of the debt for which the surety is liable, but where the specific money paid, or property delivered to the creditor, is the identical money or property for the payment or delivery of which the debtor and his sureties have obligated themselves by the contract and undertaking, the surety is not bound by an application thereof to some other debt for which the surety is not liable."

Under the above rule, plaintiff had no right, as against the sureties, to apply the money arising from the sale of books consigned under the contract to another debt of the principal.

It is urged that the court erred in the admission of certain evidence. This contention is probably technically correct, but the error is not of sufficient consequence to cause a reversal of the judgment. There being no other errors assigned, judgment should be affirmed.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.