### SIPES v. JOHN et al.

No. 24160. April 21, 1936.

Rehearing Denied June 23, 1936.

Keaton, Wells, Johnston & Barnes and Steele & Boatman, for plaintiff in error.

M. A. Dennis, W. C. Alley, and H. D. Pitchford, for defendants in error.

OSBORN, V. C. J. This action was instituted in the district court of Okmulgee county by Jasper Sipes, doing business as Jasper Sipes Book Company, hereinafter referred to as plaintiff, against Mrs. Guy John, doing business as John's Book & Supply Store, P. D. Baker, and Grace T. James, administratrix of the estate of Joe M. James, deceased, hereinafter referred to as defendants, wherein plaintiff sought to recover the sum of $1,935.87, as a balance due on account. A jury was waived, the cause was tried to the court and judgment rendered in favor of defendants, from which plaintiff has appealed.

The record shows that in the month of November, 1929, the defendant, Mrs. Guy John, who at that time was Mrs. Myrtle Phillips, as administratrix of the estate of Mrs. M. G. Phillips, deceased, was operating the Phillips Drug Store in Okmulgee under the direction of the county court; that she was engaged in the drug, book and stationery business; that during the month of November, 1929, she secured permission from the county court to sell the stock of drugs. It appears that after the sale of the drugs plaintiff continued in the book and stationery business under the name of John's Book and Supply Store. On December 17, 1929, she entered into a contract with plaintiff for the sale of books and supplies, which, in part, provides:

"Second party agrees to accept all books and supplies furnished under this contract, including books and supplies on hand at time of signing same, and to sell all books and supplies for cash only, and to sell all state adoptions only at the retail prices fixed by the state of Oklahoma, and to make all exchanges only as provided by law and by contract between the publishers and the state of Oklahoma, and on instructions from first

party the second party agrees to ship to Oklahoma City all books taken in exchange —freight charges collect.

"Second party agrees that all monies received during the life of this contract and due the first party under the terms of this depository contract constitute a trust and will be held in trust by the said second party until remitted, and be held subject to draft with eight per cent. (8%) interest on any past due amounts if said monies are not remitted on demand or when due to be remitted; and that the title to all books and supplies handled by second party and belonging in any way to first party that should be on hand at any time in said depository shall be and remain at all times in the first party until sold and be subject at all times to the orders of the said first party."

A bond was executed to plaintiff in the sum of $3,000, upon which Mrs. John was principal and P. D. Baker and Joe M. James were sureties. The bond guaranteed the faithful performance of the terms and conditions of the above contract.

On December 31, 1929, an inventory was made of the books and supplies on hand and in possession of the Phillips Drug Store of the value of $2,985.46, and on that date they were transferred to Mrs. John, doing business as John's Book and Supply Store.

On said date Mrs. John, as administratrix of the estate of her former husband, M. G. Phillips, was indebted to plaintiff in the sum of $2,203.81. This account was paid in full by Mrs. John during the month of January, 1930, the remittances being as follows:

| | | | |
|---|---|---|---|
| January | 2, | 1930 | $ 54.17 |
| January | 13, | 1930 | 500.00 |
| January | 22, | 1930 | 600.00 |
| January | 23, | 1930 | 600.00 |
| January | 25, | 1930 | 449.64 |

The record shows that in addition to the books and supplies tranferred to John's Book and Supply Store from the Phillips Drug Store other books and supplies were consigned to said store creating additional indebtedness in favor of plaintiff; that after allowing credit for all payments made on the account and for goods returned there was a balance due plaintiff of $1,935.87.

Joe M. James, who signed as a surety on the bond of Mrs. John to plaintiff, died December 3, 1929, and Mrs. Grace T. James, defendant herein, was appointed administratrix of his estate. Pursuant to notice to creditors plaintiff filed his claim with said administratrix and she refused to allow the same or to take any action thereon.

After the institution of this action a petition in bankruptcy was filed against Mrs. John, and she subsequently received a discharge in bankruptcy. J. T. Pancoast her trustee in bankruptcy, was substituted as a party defendant in this action and the cause proceeded as an action against the sureties on the bond.

The trial court found that defendants, sureties on the bond of Mrs. John, were entitled to credit for the remittances made to plaintiff by Mrs. John which were credited on the account of the Phillips Drug Store. The principal question presented on appeal is whether or not, under the facts in this case, the trial court erred in making such finding.

W. T. Russell, manager and bookkeeper of plaintiff company, testified in part as follows:

"Q. Who authorized you to apply the monies received from Mrs. John on the Phillips Drug Store account—you did that arbitrarily? A. No, they were directed that way. Q. Who directed that? A. Mrs. John. Q. You had no direction from these bondsmen? A. No. Q. Do you have any knowledge at all of the source from which Mrs. John made these payments on the old account, the source from which she obtained the money? A. No, sir, I don't know about that; I don't know where she got the money, no, sir. Q. Now, Mr. Russell, you say you applied the first payments there to the discharge of the old indebtedness. Do you know whether, or can you tell just how much the Phillips Drug Company owed you for books that had been disposed of and not accounted for, on the 31st of December? A. $2,203 81. Q. You applied the payments to that? By whose direction if anybody's? A. I don't think it was directed, we inferred that was the account because she sent the amount we asked for to close that account. Q. When did she send the amount to close? A. Final remittance of $449.64, on January 25th, which was the exact amount. Q. That is when the old account was closed? A. Yes, sir; that was the balance unpaid on the 25th. Q. Those remittances were made to close this old account on January 25th, you say? A. Yes, sir; the final remittance just what I testified to. Q. What were the others? A. $600, $600, $500, and $54.17. Q. All made during that January? A. During January, yes, sir. Q. That was applied and she was advised this was closing her old account, was she? A. Yes, sir."

In the case of Wheeler v. American Investment Co., 167 Okla. 558, 31 P. (2d) 117, it is said:

"The general rule is that, when a creditor holds more than one claim against his debtor the latter, on making a payment, may direct on which debt it shall be credited, and

it is the duty of the creditor to so apply it."

In the case of Waples-Platter Grocer Co. v. Hardin et al., 85 Okla. 49, 204 P. 433, it is said:

"No principle of law is more firmly settled or more universally applied than that a debtor owing more than one debt to a creditor, or a debt composed of several items, has the right to direct to which debt or debts, or to which item of a single debt, and in what amounts payments made by him shall be applied. 21 R. C. L. sec. 93; Carson et al. v. Cook County Liquor Co., 37 Okla. 12, 130 P. 303, and cases there cited; Southwestern Surety Co. v. Neal, 81 Okla. 195, 197 P. 439. It is equally well settled that where the debtor fails to direct how a payment is to be applied, the creditor may, ordinarily, make the application as he may see fit. 21 R. C. L. 95."

To the same effect see D'Yarmatt v. Cobe, 51 Okla. 113, 151 P. 589; Horn v. Alexander, 90 Okla. 184, 216 P. 926; First National Bank v. Farmers' National Bank, 115 Okla. 136, 241 P. 783.

Inasmuch as the evidence discloses that remittances made by Mrs. John during the month of January, 1930, were applied to the Phillips Drug Store account with her approval and consent, it appears that the question is foreclosed unless some well-defined exception to the rule is applicable. Plaintiff refers to the case of Sipes v. Ardmore Book & News Company, 138 Okla. 180, 280 P. 805, wherein it is held that the rule authorizing a creditor to make application of payments, where such app'ication is not made by the debtor, does not apply as against a surety on a bond where the specific money paid is the identical money which the surety has obligated himself under the terms of the bond to pay, and in such case the surety is not bound by an application thereof to some other debt for which the surety is not liable. The opinion in that case is predicated upon the rule announced in 21 R. C. L. 109, to the effect that the general rule that a surety cannot control the application of a payment is applicable solely in those cases where the principal makes the payment from funds which are his own and are free from any equity in favor of the surety to have the money applied in payment of the debt for which the surety is liable, but where the specific money paid or property delivered to the creditor is the identical money or property for the payment or delivery of which the debtor and his surety have ob'igated themselves by the contract and undertaking, the surety is not bound by an application thereof to some other debt for which the surety is

not liable. The above-cited case is not applicable herein, for two reasons: First, that it does not appear in that case that there was express authority from the debtor to apply the funds to an antecedent debt; and, second, it is not shown in this case that the funds used for the payment of the account of the Phillips Drug Store were the identical moneys which the sureties obligated themselves by their undertaking to pay. In this connection the record shows that the total sales of John's Book and Supply Store from the date of December 31, 1929, to February 7, 1930, the date of the first inventory, amounted to the sum of $1,640.79, and that the sum of $2,203.81, the amount of the past-due account, was paid in full on January 25, 1930. There is no evidence that the funds used for the payment of said obligation were received from the sale of books and supplies during the first 25 days of January, but, on the contrary, the evidence is conclusive that at least a portion of the funds used to pay said account were not so received.

Defendants, having failed to show any equity in the funds used to pay the pre-existing debt, therefore have established no right to have the funds paid by Mrs. John to plaintiff on the prior account applied to the account for which they are liable under the terms of their obligation. The conclusion of the trial court to the contrary is clearly erroneous.

Various other contentions are made and argued in the briefs. These have been considered and are without substantial merit.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment for plaintiff in accordance with the prayer of his petition.

RILEY, PHELPS, CORN, and GIBSON, JJ., concur.