### RYAN v. DENVER UNION TERMINAL RY. CO.

No. 2379.

Circuit Court of Appeals, Tenth Circuit.

March 14, 1942.

Philip Hornbein, of Denver, Colo. (Philip Hornbein, Jr., of Denver, Colo., on the brief), for appellant.

James L. Goree, of Denver, Colo. (W. V. Hodges, W. W. Grant, Charles J. Kelly, Edward G. Knowles, John L. Rice, and Thomas R. Woodrow, all of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Ryan, as the representative of 63 station employees, commonly called red caps, employed by the Denver Union Terminal Railway Company[1] at the Union Station in Denver, Colorado, brought this action to recover wages, liquidated damages, and attorney's fees under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219.[2] From an adverse judgment, Ryan has appealed.

The primary questions raised by Ryan on this appeal are foreclosed by the decision of the Supreme Court of the United States in Williams v. Jacksonville Terminal Co., 315 U.S. ——, 62 S.Ct. 659, 86 L.Ed. ——, decided March 2, 1942.

For many years prior to the passage of the Act, the Terminal Company had red caps on its premises to handle hand baggage of passengers in and about the Union Station when requested by passengers so to do. For their service, the red caps received remuneration in the form of tips from passengers and were not required to account to the Terminal Company therefor. The Act became effective October 24, 1938. On or before that date, the Terminal Company gave to each of the red caps employed at its Union Station the notice set out in the margin.[3] Each red cap signed a writing acknowledging receipt of the notice. Thereafter, during the period covered by this action, the red caps continued to serve passengers at the Union Station. They received tips from the passengers and reported daily to the Terminal Company on report cards made out in their own handwriting the amount of tips received.

Except as to three red caps, the amounts reported as received in tips equaled or exceeded the minimum wage prescribed by the Act. The Terminal Company paid to each of the three red caps who reported tips in amounts less than the minimum wage, an additional amount, which, with the tips reported, equaled the wage prescribed by the Act.

Certain of the red caps testified that they reported more tips than they actually received.

---

[1] Hereinafter referred to as the Terminal Company.

[2] Hereinafter referred to as the Act.

[3] October 22, 1938

To All Ushers, Red Caps, etc.
Denver, Colorado

In view of the requirements of the Fair Labor Standards Act, effective October 24, 1938, and in consideration of your hereafter engaging in the handling of hand baggage and traveling effects of passengers or otherwise assisting them at or about stations or destinations, it will be necessary that you report daily to the undersigned the amounts received by you as tips or remuneration for such services.

The carrier hereby guarantees to each person continuing such service after October 24, 1938, compensation which, together with and including the sums of money received as above provided, will not be less than the minimum wage provided by law.

You are privileged to retain subject to their being credited on such guarantee all such tips or remuneration received by you except such portion thereof as may be required of you by the undersigned for taxes of any character imposed upon you by law and collectible by the undersigned.

All the matters above referred to are subject to the right of the carrier to determine from time to time the number and identity of persons to be permitted to engage in said work and the hours to be devoted thereto, to establish rules and regulations relating to the manner, method and place of rendition of such service, and the accounting required.

The Denver Union Terminal Railway Co.,
(Signed) C. R. Hines, Manager.

In its opinion, the trial court said:

"The court cannot take the testimony of these boys and their affidavits, because admittedly they are false, and they made statements admittedly contrary to the truth at the time they turned in these slips. There is no reason why they should not have put down on these slips the correct amount as required, and I can see no reason to justify their admission in their affidavits that they did not do that."

In finding No. 9, the court said:

"Pursuant to said notice, and on each day during the time covered by this action each of said red caps working reported to the defendant in writing the amount of tips and remuneration so received by him from passengers and others for his services in said employment, and the number of hours worked by him each day. That said reports made by the said red caps to the company were admittedly in many respects incorrect."

Counsel for Ryan undertake to twist the statement that the reports were admittedly incorrect into a finding that the red caps did not receive the full amount of the tips reported. The context of the opinion and the findings clearly indicates the court did not intend to so find. What the court intended was not that the reports were in fact incorrect, but that the red caps had stated they had made false reports, because it specifically found that, except as to three red caps, sums actually received by each red cap in tips amounted in each work period to 25 cents an hour or more for the time respectively worked by each red cap during the period from October 24, 1938, to October 23, 1939, and amounted in each work period to 30 cents an hour or more for the time respectively worked by each red cap during the period from October 24, 1939, to July 9, 1940, and that the Terminal Company paid to each of the three red caps, who received tips in amounts less than the minimum wage, an additional amount which, with the tips received, equaled the wage prescribed by the Act.

The findings of the trial court were made upon conflicting evidence, are sup-ported by substantial evidence, and are not clearly erroneous. They are, therefore, binding on this court.[4]

The judgment is affirmed.

---

[4] Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; McCarthy v. Wynne, 10 Cir., 126 F.2d 620, decided February 26, 1942;

Hartford Acc. & Ind. Co. v. City of Sulphur, 10 Cir., 123 F.2d 566, 572.