**MID-CONTINENT SUPPLY CO., a corporation, Plaintiff,**

v.

**ATKINS & POTTER DRILLING CORP., a corporation, and T. E. Atkins and W. L. Potter, Defendants.**

No. 6135.

United States District Court W. D. Oklahoma.

Oct. 25, 1954.

Brown, Darrough & Darrough, Oklahoma City, Okl., for plaintiff.

Brown & Verity, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

The plaintiff, Mid-Continent Supply Company, a corporation, brings this action against the defendants, Atkins and Potter Drilling Corporation, and T. E. Atkins and W. L. Potter, individually, to recover the sum of $13,104.58, together with interest and attorneys' fees, allegedly due as the unpaid balance on five promissory notes signed by the defendant company and endorsed by the individual defendants. The liability of the defendant corporation is conceded; only the liability of the defendants Atkins and Potter as individuals is contested.

On November 28, 1951, the five notes in question were executed by the defendant corporation in connection with the purchase from the plaintiff of a drilling

rig.[1] In addition to the chattel mortgage given by the defendant corporation to secure this indebtedness, the defendants Atkins and Potter, by way of additional security, endorsed the instant notes. On June 9, 1952, the drilling rig was turned back to the plaintiff and at such time the credit given by plaintiff for such rig was far in excess of the unpaid balance on the sued upon notes.[2] However, inasmuch as the defendant corporation also owed the plaintiff a sizeable amount in the form of unsecured accounts, the plaintiff company first applied the proceeds of the rig in question to these unsecured accounts and only credited the remainder to the notes in issue.[3]

The plaintiff corporation urges that such an allocation of the proceeds from the rig was permissible for the reason that the chattel mortgage on the rig executed by the defendant corporation expressly provided that the rig would stand as security for any subsequently incurred debts.[4]

After careful consideration the Court has concluded that the plaintiff is not entitled to judgment against the defendants T. E. Atkins and W. L. Potter, as individuals.

Although generally a creditor is at liberty to apply the funds of a debtor on any one of several delinquent accounts where there is no express direction on the part of the debtor in regard to the application of the funds,[5] this general rule is not acceptable in the instant case due to the intervening equities of the sureties. Although it is true, as plaintiff urges, that the right to apply the proceeds of the rig in question to unsecured debts was spelled out in the mortgage given on the rig, nonetheless, such a provision cannot be deemed binding on the defendant sureties and used to their prejudice where such sureties were not parties to the chattel mortgage agreement. The defendant company having executed the chattel mortgage doubtless could not complain in regard to the manner in which the proceeds of the rig were allocated to various delinquent accounts, but the plaintiff company cannot by an indirect means hold the endorsers of the notes in question personally liable for accounts not incurred by said sureties.[6] The individual defendants in endorsing the notes in question did so as additional security in connection with the obligation arising in

1. The notes, each in the sum of $4,291.-24, matured July 28th, August 28th, September 28th, October 28th, and November 28th, 1952, respectively.

2. Plaintiff company allowed a credit of $75,000 when the defendant company executed the bill of sale; the unpaid balance of the instant notes at the time of this credit was approximately $21,456.24.

3. The outstanding open accounts totalled $66,310.18.

4. The pertinent mortgage provision stated: "This mortgage is also given to secure an indebtedness of the mortgagor to the mortgagee of $————, representing an open account, and also to secure the mortgagee in the payment of any and all future indebtedness of the mortgagor to the mortgagee, including that arising from future sales of merchandise by the mortgagee to the mortgagor and also advances or other indebtedness whether evidenced by notes or open account, and the mortgagor agrees to pay all of the indebtedness which is or may be secured by this mortgage promptly when due to

the mortgagee at its office at Fort Worth, Texas."

5. Hartford Accident & Indemnity Company v. City of Sulphur, 10 Cir., 1941, 123 F. 2d 566; Standard Surety & Casualty Company of New York v. United States, 10 Cir., 1946, 154 F.2d 335; Cooper v. Federal National Bank of Shawnee, 1935, 175 Okl. 610, 53 P.2d 678; Sipes v. Ardmore Book & News Co., 1929, 138 Okl. 180, 280 P. 805, 806.

6. In Sipes v. John, 1936, 177 Okl. 299, 58 P.2d 854, 856, the Oklahoma Supreme Court observed: "* * * the general rule that a surety cannot control the application of a payment is applicable solely in those cases where the principal makes the payment from funds which are his own and are free from any equity in favor of the surety to have the money applied in payment of the debt for which the surety is liable, but where the specific money paid or property delivered to the creditor is the identical money or property for the payment or delivery of which the debtor and his surety have obligated themselves by the contract and under-

connection with the purchase of the rig; and, once such notes were reduced to the point that the mortgaged property proceeds more than took care of the outstanding indebtedness evidenced by the notes, the endorsers were relieved of further liability.

The plaintiff is entitled to judgment against the defendant corporation, as prayed for, but the individual defendants are entitled to judgment against the plaintiff.

Counsel should submit a journal entry which conforms with this opinion within fifteen days.

---

taking, the surety is not bound by an application thereof to some other debt for which the surety is not liable. * * * " See also St. Louis & S. F. R. Co. v. Ravia Granite Ballast Co., 1918, 70 Okl. 273, 174 P. 252, 21 A.L.R. 690. Another significant case is Security Trust & Savings Bank v. June, 1931, 38 Ariz. 513, 1 P.2d 970, 971, wherein the Court stated: " * * * When * * * the collateral is pledged for the security of a specified debt, for which a guaranty has also been given by a surety, the majority rule is that the proceeds of the collateral cannot be first applied by the creditor to a debt not embraced by the pledge, without the consent of the surety. [Citing authority, including the Oklahoma case of First National Bank v. Ballard, 41 Okl. 553, 139 P. 293.] The contrary doctrine prevails in Iowa [citing authority] and perhaps a few other states, but we are of the opinion that the rule above set forth is most in consonance with the principles of equity and supported by the better weight of authority, and we adopt it as the law of Arizona."