Sᴏʀɢᴇ Iᴄᴇ Cʀᴇᴀᴍ & Dᴀɪʀʏ Cᴏᴍᴘᴀɴʏ, Appellant, v. Wᴀʜʟ-
ɢʀᴇɴ, Respondent.

*September 7—October 5, 1965.*

For the appellant there was a brief by *Irving D. Gaines,* attorney, and *Paul E. Sicula* of counsel, both of Milwaukee, and oral argument by *Mr. Gaines.*

For the respondent there was a brief and oral argument by *Albert R. Franz* of Milwaukee.

CURRIE, C. J. The issue presented by this appeal is whether plaintiff owed a legal duty to defendant to have applied on the $15,500 note a sufficient part of the $8,372.67 credit given the principal debtor Ehrhardt for the equipment transferred to plaintiff by the May 21, 1963, bill of sale so as to have extinguished defendant's liability on the guaranty, rather than have applied most of such credit to other indebtedness of Ehrhardt.

It is a general rule that in the absence of an agreement or superior equity requiring application in the interest of a guarantor, the fact alone that a guarantor is liable for one of several debts does not affect the rights of the debtor or creditor to designate the debt to which a voluntary payment by the debtor from his own funds shall be applied.[1] Plaintiff relies

[1] *Will of Stone* (1933), 211 Wis. 518, 248 N. W. 446; *Mid-Continent Supply Co. v. Atkins & Potter Drilling Corp.* (10th Cir. 1956), 229 Fed. (2d) 68; *United States for Use of Carroll v. Beck*

on this general rule in seeking reversal of the judgment below inasmuch as it had been agreed upon between Ehrhardt and plaintiff that the credits arising from the transfers under the bill of sale would be applied in such manner as not to extinguish defendant's liability on the guaranty.

This general rule, however, is subject to certain well-recognized exceptions. One of these is the "identical property" exception where, as in the instant case, the debt guaranteed is for the acquisition of certain property and later this identical property, or the proceeds from the sale of the same, is delivered by the principal debtor to the creditor. Although this exception seems not to have been heretofore applied by this court, many other courts have recognized it and have held that payments made with the identical money or property for the payment of which a guarantor is bound cannot be applied to a debt other than that for which the guarantor is bound.[2]

In *Sipes v. Ardmore Book & News Co.*[3] certain school books were consigned to defendant news company to be sold by the company and the proceeds remitted to plaintiff. A bond was executed with certain other individuals as sureties, who were also defendants in the action, to recover proceeds arising from the sale of said school books. At the time of the agreement and execution of the bond defendant news company owed plaintiff a sum of money. Some time later defendant news company became bankrupt. Upon the return of school books and proceeds consigned to defendant under the agree-

(6th Cir. 1945), 151 Fed. (2d) 964; *Sipes v. John* (1936), 177 Okla. 299, 58 Pac. (2d) 854; Anno. 57 A. L. R. (2d) 855, 858.

[2] *United States, for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins* (4th Cir. 1933), 67 Fed. (2d) 121; *Sipes v. Ardmore Book & News Co.* (1929), 138 Okla. 180, 280 Pac. 805; *Mid-Continent Supply Co. v. Atkins & Potter Drilling Corp.* (10th Cir. 1956), 229 Fed. (2d) 68; *Bross v. McNicholas* (1913), 66 Or. 42, 133 Pac. 782; Anno. 57 A. L. R. (2d) 855, 872; 40 Am. Jur., Payment, p. 815, sec. 148.

[3] (1929), 138 Okla. 180, 280 Pac. 805.

ment in question, plaintiff applied this property to the antecedent debt and contended that the sureties were still liable on their bond. The sureties contended that they could not be held liable for proceeds arising from the sale of books consigned to the news company prior to the execution of the later agreement and bond, with no such express provision in the consignment contract or bond. Plaintiff attempted to invoke the general application of payments rule, but the court concluded that it had no relevance to the case, saying (p. 181):

" 'The general rule that a surety cannot control the application of a payment is applicable solely in those cases where the principal makes the payment from funds which are his own and are free from any equity in favor of the surety to have the money applied in payment of the debt for which the surety is liable, but where the specific money paid, or property delivered to the creditor, is the identical money or property for the payment or delivery of which the debtor and his sureties have obligated themselves by the contract and undertaking, the surety is not bound by an application thereof to some other debt for which the surety is not liable.'

"Under the above rule, plaintiff had no right, as against the sureties, to apply the money arising from the sale of books consigned under the contract to another debt of the principal."

The "identical property" exception is especially applicable [4] when the source of the property or funds is known to the creditor.[5] It is clear that in the case before us plaintiff knew of the source of the property. In *United States, for Use and*

---

[4] Id. at page 181.

[5] *St. Paul Fire and Marine Ins. Co. v. United States for the Use of Dakota Electric Supply Co.* (8th Cir. 1962), 309 Fed. (2d) 22; *United States, for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins* (4th Cir. 1933), 67 Fed. (2d) 121; *United States for the Use of Carroll v. Beck* (6th Cir. 1945), 151 Fed. (2d) 964; 40 Am. Jur., Payment, p. 815, sec. 148.

*Benefit of Crane Co. v. Johnson, Smathers & Rollins* [6] a supplier sued a subcontractor and his surety for a balance claimed to be due for materials furnished in connection with the construction of a post office. The surety's bond included payment for all materials furnished under the subcontract for the post-office building. It appeared that the general contractor had made payments to the subcontractor for this job, and the subcontractor contended he had in turn paid the supplier in full for all the materials furnished. However, even though the supplier knew the source of this payment, he applied part of it to a previous debt which the subcontractor owed for materials furnished on another construction job. The court concluded that the supplier was required to apply this payment to the account for materials furnished in connection with the post-office job. In reaching this result the court said:

"We are in accord with these decisions in so far as they hold that when a surety is bound on one of several debts of the principal debtor to a creditor, and a payment is made by the debtor to the creditor with the identical money for the payment of which the surety is bound, or with the proceeds or fruits of the very contract, business, or transaction covered by the obligation of the surety, the application of the payment to some other debt, with or without the direction or consent of the debtor, does not bind the surety; *at least if the source of the funds is known to the creditor or person receiving the payment.* The surety in such case is entitled to have the payment applied to the debt for which he is bound." (Emphasis supplied.) [7]

Plaintiff stresses the fact that the debtor in the instant case expressly included in the bill of sale that the amount

[6] (4th Cir. 1933), 67 Fed. (2d) 121.
[7] Id. at page 123.

paid to plaintiff was not to extinguish defendant's guarantee. This factor alone, however, is not sufficient to defeat the equity of defendant in a situation such as we have before us. Despite the debtor's contrary direction, if the creditor is aware of the source of the payment, he should apply it to the note guaranteed by the surety.[8]

Plaintiff cites the cases of *Sipes v. John*[9] and *Bank of Georgia v. Card*[10] as repudiating the identical-property exception to the general rule of application of payments. Our examination of these two authorities discloses that the courts there did not expressly repudiate this exception to the general rule, but rested their decisions upon the particular facts presented. In the first-cited case the Oklahoma court held that there was no showing that the funds giving rise to the credit were the identical moneys which the sureties had obligated themselves by their undertaking to pay. In the *Georgia Case* the note signed by the guarantor expressly provided that a lien was granted to the payee bank as security for payment of any other sums which the maker of the note might owe the bank in addition to the note.

We deem the identical-property exception to the general rule of application of payments rests on sound equitable principles and the county court properly applied it to the facts of this case.

*By the Court.*—Judgment affirmed.

---

[8] *United States for the Use of Carroll v. Beck* (6th Cir. 1945), 151 Fed. (2d) 964; *St. Paul Fire and Marine Ins. Co. v. United States for the Use of Dakota Electric Supply Co.* (8th Cir. 1962), 309 Fed. (2d) 22; *United States, for Use and Benefit of Crane Co. v. Johnson, Smathers & Rollins* (4th Cir. 1933), 67 Fed. (2d) 121.
[9] (1936), 177 Okla. 299, 58 Pac. (2d) 854.
[10] (1951), 84 Ga. App. 142, 65 S. E. (2d) 841.